UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STATE OF NEW YORK; STATE OF ARIZONA, STATE OF CALIFORNIA, STATE OF COLORADO, STATE OF CONNECTICUT, STATE OF DELAWARE, STATE OF HAWAII, STATE OF ILLINOIS, STATE OF MAINE, STATE OF MARYLAND, COMMONWEALTH OF MASSACHUSETTS, STATE OF MINNESOTA, STATE OF NEVADA, STATE OF NEW JERSEY, STATE OF NORTH CAROLINA, STATE OF OREGON, STATE OF RHODE ISLAND, STATE OF VERMONT, and STATE OF WISCONSIN, <br><br>                                     Plaintiffs, <br>               -v- <br><br> DONALD J. TRUMP, IN HIS OFFICIAL CAPACITY AS PRESIDENT OF THE UNITED STATES; U.S. DEPARTMENT OF THE TREASURY; and SCOTT BESSENT, IN HIS OFFICIAL CAPACITY AS SECRETARY OF U.S. DEPARTMENT OF THE TREASURY, <br><br>                                     Defendants. | 25 Civ. 1144 (JAV) <br><br> ORDER |

PAUL A. ENGELMAYER, District Judge:

This Court, sitting in its Part I capacity, this evening received an application for a temporary restraining order filed by the Attorneys General of the 19 States identified as plaintiffs above. The States' lawsuit challenges a new policy by the United States Department of the Treasury, at the direction of the President and the Secretary of the Treasury, which, as alleged, expands access to the payment systems of the Bureau of Fiscal Services (BFS) to political appointees and "special government employees." The States contend that this policy, *inter alia*, violates the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 551 *et seq*., in multiple respects; exceeds the statutory authority of the Department of the Treasury; violates the separation of

powers doctrine; and violates the Take Care Clause of the United States Constitution. The States seek declaratory and injunctive relief. Later this evening, upon the States' successful filing of their submissions, this matter was assigned on a permanent basis to the Hon. Jeannette A. Vargas, United States District Judge.

The Court has reviewed the affirmation of Colleen K. Faherty, dated February 7, 2025, in support of the States' motion for a temporary restraining order, the States' memorandum of law in support of that motion, the States' motion for a temporary restraining order, dated February 7, 2025, and the Complaint. The Court's firm assessment is that, for the reasons stated by the States, they will face irreparable harm in the absence of injunctive relief. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). That is both because of the risk that the new policy presents of the disclosure of sensitive and confidential information and the heightened risk that the systems in question will be more vulnerable than before to hacking. The Court's further assessment is that, again for the reasons given by the States, the States have shown a likelihood of success on the merits of their claims, with the States' statutory claims presenting as particularly strong. The Court's further assessment is that the balance of the equities, for the reasons stated by the States, favors the entry of emergency relief.

The Court accordingly:

ORDERS that the defendants show cause before the Hon. Jeannette A. Vargas, at Courtroom 14C, United States Courthouse, 500 Pearl Street, New York, New York, at 2 p.m. on Friday, February 14, 2025, why an order should not be issued pursuant to Rule 65 of the Federal Rules of Civil Procedure preliminarily enjoining the defendants during the pendency of this action from granting to political appointees, special government employees, and any government employee detailed from an agency outside the Treasury Department access to Treasury

Department payment systems or any other data maintained by the Treasury Department containing personally identifiable information; and further

ORDERS that, sufficient reason having been shown therefor, pending the hearing of the States' application for a preliminary injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure, the defendants are (i) restrained from granting access to any Treasury Department payment record, payment systems, or any other data systems maintained by the Treasury Department containing personally identifiable information and/or confidential financial information of payees, other than to civil servants with a need for access to perform their job duties within the Bureau of Fiscal Services who have passed all background checks and security clearances and taken all information security training called for in federal statutes and Treasury Department regulations; (ii) restrained from granting access to all political appointees, special government employees, and government employees detailed from an agency outside the Treasury Department, to any Treasury Department payment record, payment systems, or any other data systems maintained by the Treasury Department containing personally identifiable information and/or confidential financial information of payees; and (iii) ordered to direct any person prohibited above from having access to such information, records and systems but who has had access to such information, records, and systems since January 20, 2025, to immediately destroy any and all copies of material downloaded from the Treasury Department's records and systems, if any; and further

ORDERS that any opposition submission by defendants be filed by 5 p.m. on Tuesday, February 11, 2025; and that any reply by the States be filed by 5 p.m. on Thursday, February 13, 2025; and further

ORDERS that personal service of a copy of this order and the States' above-described affidavit, memorandum of law, and Complaint, be filed upon the defendants or their counsel on or before February 8, 2025, by 12 noon; and that the States forthwith serve these materials by email on Government counsel Bradley Humphreys and Jeffrey Oestericher, whom the Court understands have independently been emailed the States' filings; and further

ORDERS that plaintiffs post security in the amount of $10,000 prior to Friday, February 14, 2025, at 2 p.m.

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge,
sitting in Part I

Dated: February 8, 2025
       New York, New York

4