## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF NEW YORK

STATE OF NEW YORK, *et al.*,

                *Plaintiffs*,

       v.

U.S. DEPARTMENT OF THE
TREASURY, *et al.*,

                *Defendants*.

Case No. 25 Civ. 01144 (JAV)

## DEFENDANTS' REPLY IN SUPPORT OF EMERGENCY MOTION TO DISSOLVE, CLARIFY, OR MODIFY *EX PARTE* TEMPORARY RESTRAINING ORDER

The Court should dissolve, or at a minimum narrow, the *ex parte* Order entered on Saturday, February 8 because the Order is an impermissible intrusion into the separation of powers and Article II prerogatives.  As discussed herein, the parties have reached agreement that, to the extent the Order remains in place, it should be modified to ensure that Treasury's Bureau of the Fiscal Service ("BFS") can continue to perform routine and emergency maintenance on its system through the use of contractors, and that the Order should not prevent the Federal Reserve Bank of Kansas City ("Federal Reserve") from continuing to access BFS systems as it has long done.

However, the broader and fundamental flaw underlying the Order remains.  Plaintiffs confirm in their opposition that they seek something remarkable:  A court order commanding that a segment of an executive agency be cordoned off from properly named "political appointees," while giving access to select "civil servants."  The government is aware of no example of a court *ever* trying to micromanage an agency in this way, or sever the political supervision of the

Executive Branch in such a manner.  This Court should not be the first.  The existing TRO cannot stand.

## I.    The Order's Distinction Between "Civil Servants" and "Political Appointees" Has No Legitimate Basis.

Plaintiffs' opposition conspicuously fails to engage with the serious constitutional infirmities addressed in Defendants' motion.  Rather, Plaintiffs spend much of their opposition brief speculating that Treasury's political leadership may never require access to the agency's systems, and asserting that Defendants therefore suffer no injury.  That is incorrect.  And the views of former Treasury secretaries published in an op-ed, upon which Plaintiffs rely, *see* Opp'n at 4, do not relieve Treasury's leadership of their Article II responsibilities.  Limiting access to agency information by the agency's political officials—including the Cabinet Secretary, appointed by the President and confirmed by the Senate—cannot be squared with the unitary structure of the Executive Branch.  An executive agency must be politically accountable from top to bottom; and that is only possible if political appointees—answerable to the President—can access, control, and thus be held responsible for every layer.  And while Plaintiffs downplay the need for political appointees to maintain unvarnished access to systems and information maintained by the agencies that they lead, that is not their call to make.  Whether or not senior leadership rarely—or even ever—access payment systems or records is beside the point; that is a prerogative that Article II assigns to those officials, without constitutional restriction.

Nor is it relevant, as Plaintiffs claim, that the Court has scheduled a preliminary injunction hearing in the coming days.  *See* Opp'n at 6.  It is settled law that a violation of constitutional rights constitutes irreparable harm so long as it continues, as it does for every day that Treasury's political leadership are hindered in their ability to perform their Article II duties of supervision. *See Connecticut Dep't of Envtl. Prot. v. O.S.H.A.*, 356 F.3d 226, 231 (2d Cir. 2004).

If not dissolved in its entirety, the Order should, at minimum, be modified to make clear that it does not cover Treasury's senior leadership, including the Secretary, Deputy Secretary, Chief of Staff, and Undersecretaries.  In contrast to the ongoing irreparable harm Defendants suffer from an unconstitutional order, Plaintiffs will suffer no harm from permitting those officials to perform their duties.  There is no allegation that any of these officials have engaged in wrongdoing, making the injunction impermissibly overbroad even under Plaintiffs' theory of the case.  *See City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 144–45 (2d Cir. 2011) (injunctive relief should be narrowly tailored and not be broader than necessary to address the plaintiff's harm).

## II.     Plaintiffs Consent to Modifications to Address Contractor and Federal Reserve Access.

Earlier today, the parties reached agreement, narrowing the issues that are presently in dispute.  Plaintiffs consent to modification of the Order in certain respects. The parties agree that— if the Order is not dissolved—the Order should be amended to add the following language at the bottom of the first full paragraph on page 3:

> Notwithstanding the above, nothing in this order prevents (i) contractors on the approved outside contractor list maintained by the Department of Treasury's Chief Information Officer who were engaged prior to January 20, 2025 to perform routine or emergency maintenance on BFS systems from accessing such systems to perform routine or emergency maintenance, or (ii) the Federal Reserve Bank of Kansas City from continuing to access BFS payment systems as it did prior to January 20, 2025, pursuant to the letter of designation with the Treasury in effect prior to January 20, 2025.

For the reasons explained in Defendants' opening memorandum, such language is necessary to allow Treasury systems to operate without interruption while this matter is litigated, and Defendants respectfully request that it be added to the extent the current injunction remains in place.

**CONCLUSION**

For the reasons described herein and in Defendants' memorandum of law in support of their motion, Defendants respectfully request that the Court grant their motion to dissolve, clarify, or modify the *ex parte* temporary restraining order.

Dated: February 10, 2025

BRETT A. SHUMATE
Acting Assistant Attorney General
Civil Division

*/s/ Bradley P. Humphreys*
BRADLEY P. HUMPHREYS
(D.C. Bar No. 988057)
Senior Trial Counsel
Federal Programs Branch
Civil Division, Department of Justice
1100 L Street NW
Washington, DC 20005
Telephone: (202) 305-0878
Bradley.Humphreys@usdoj.gov

Respectfully submitted,

DANIELLE R. SASSOON
United States Attorney

By: */s/ Jeffrey Oestericher*
JEFFREY OESTERICHER
REBECCA TINIO
Assistant United States Attorneys
86 Chambers Street, 3rd Floor
New York, NY 10007
Telephone: (212) 637-2695/2774
Email: jeffrey.oestericher@usdoj.gov
        rebecca.tinio@usdoj.gov

4