## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STATE OF NEW YORK; STATE OF ARIZONA, STATE OF CALIFORNIA, STATE OF COLORADO, STATE OF CONNECTICUT, STATE OF DELAWARE, STATE OF HAWAII, STATE OF ILLINOIS, STATE OF MAINE, STATE OF MARYLAND, COMMONWEALTH OF MASSACHUSETTS, STATE OF MINNESOTA, STATE OF NEVADA, STATE OF NEW JERSEY, STATE OF NORTH CAROLINA, STATE OF OREGON, STATE OF RHODE ISLAND, STATE OF VERMONT, and STATE OF WISCONSIN, <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, IN HIS OFFICIAL CAPACITY AS PRESIDENT OF THE UNITED STATES; U.S. DEPARTMENT OF THE TREASURY; and SCOTT BESSENT, IN HIS OFFICIAL CAPACITY AS SECRETARY OF U.S. DEPARTMENT OF THE TREASURY, <br><br> Defendants. | C.A. No. 1:25-cv-1144-JAV |

## JOINT LETTER OF THE PARTIES IN RESPONSE TO THE COURT'S FEBRUARY 11, 2025 ORDER (ECF NO. 29)

On February 11, 2025, the Court ordered the parties to meet and confer on a set of questions prior to the February 14 hearing on Plaintiffs' Motion for a Preliminary Injunction ("PI Motion"). The Court further ordered that the parties should submit a joint letter "setting forth the parties' agreement or, if no agreement is reached, their respective positions on each of these questions." Plaintiffs and Defendants now respectfully submit the following responses to the Court's questions.

1

1) **Whether good cause exists to continue the Temporary Restraining Order entered on February 8, 2025 (ECF No. 6), and modified by the Order entered on February 11, 2025 (ECF No. 28), in either its current or modified form, during the pendency of proceedings on Plaintiffs' motion for a preliminary injunction.**

- **<u>Plaintiffs' Position</u>**

  - o Plaintiffs believe that good cause exists for one extension of the TRO as needed by the Court to rule on Plaintiffs' PI Motion. Plaintiffs understand that the TRO will dissolve upon the issuance of a preliminary injunction, if the Court grants the PI Motion. The facts of this case are shifting rapidly. Only on Tuesday were Plaintiffs made aware that former Treasury-assigned DOGE employee Marko Elez did have read and write access to BFS systems for a time. *See* ECF No. 34 (Gioeli Affidavit) ¶ 20; ECF No. 33 (Krause Affidavit) ¶ 16 n.2. Additionally, at a hearing before the D.D.C. on February 5, 2025, in the matter of *Alliance for Retired Americans v. Bessent*, DDC No. 25-cv-313, DOJ counsel for the Defendants made a factual representation to the Court that Mr. Elez was designated by the Treasury as a "special government employee" ("SGE"). On February 10, DOJ subsequently filed a "notice of correction" to the Court, informing the Court that instead Mr. Elez was a Treasury employee hired as "special advisor for information technology and modernization, departmental offices, office of the chief of staff," a transitional schedule C position. According to the Government's correction, he otherwise satisfied the description of an SGE, due to the temporary nature of his assignment. Still further, only on February 11 did Defendants affirm that the collaboration between the DOGE team and BFS staff was to help effectuate the Treasury leadership's decision to develop a process to "assist agencies in complying with the President's January 20, 2025, Executive Orders requiring that certain types of foreign aid-related payments be paused." ECF No. 32 (Robinson Affidavit) ¶ 7. For these reasons, Plaintiffs believe that there is good cause to continue to maintain the status quo while the PI Motion is expeditiously litigated.

- **<u>Defendants' Position</u>**

  - o For the reasons set forth in their Opposition to Plaintiffs' Motion for a Preliminary Injunction, ECF No. 35, Defendants do not believe that good cause exists to continue the Temporary Restraining Order ("TRO") entered on February 8, 2025, and as modified on February 11, 2025, during the pendency of preliminary injunction ("PI") proceedings. Plaintiffs have identified no valid legal ground (or basis for their standing) to block the Treasury Department from giving its employees access—as part of the day-to-day business of the agency—to certain BFS systems as needed, in accordance with Treasury Department rules and procedures. All employees of the Treasury Department, career and political alike, are charged with implementing the President's policy objectives. The TRO currently in place causes ongoing constitutional harm to Treasury's ability to make management decisions within its lawful discretion regarding its own technological systems, and on the Executive's prerogative to pursue its publicly stated priorities.

*See Conn. Dep't of Envtl. Prot. v. OSHA*, 356 F.3d 226, 231 (2d Cir. 2004) (violation of constitutional rights constitutes irreparable harm so long as it continues).

2)  **Whether, in connection with the motion for a preliminary injunction, the Court's consideration of the likelihood of success on Plaintiffs' APA claims is confined to an administrative record compiled by the United States Department of the Treasury.**

- **Plaintiffs' Position**

  o  Plaintiffs believe the Court can look at the administrative record, the allegations in the complaint, and the materials submitted during motion practice in ruling upon the PI Motion and Defendants' Emergency Motion.

- **Defendants' Position**

  o  Because this suit involves no final agency action, there is no administrative record underlying the disputed issues. Moreover, because Defendants have also identified numerous other threshold legal deficiencies that are fatal to Plaintiffs' claims, including Plaintiffs' lack of standing and failure to state a claim under either the Administrative Procedure Act ("APA") or the Constitution, the Court may and should resolve the PI Motion without resort to an administrative record. Defendants intend to move to dismiss Plaintiffs' complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6) after determination of the PI Motion, on the same or substantially similar grounds as those set forth in Defendants' opposition brief. *See* ECF No. 35. An administrative record is not necessary to resolve these threshold arguments. *See, e.g.*, *Jiampietro v. Bd. of Governors of Fed. Rsrv. Sys.*, No. 18-2806, 2018 WL 6920340 (2d Cir. Oct. 31, 2018) (granting motion to defer filing of administrative record pending resolution of motion to dismiss); *In re United States*, 583 U.S. 29, 32 (2017) (per curiam) (vacating and remanding to the district court with instructions to rule on the government's threshold arguments regarding jurisdiction and reviewability under the APA before ordering completion of an administrative record); *Am. Bankers Ass'n v. Nat'l Credit Union Admin.*, 271 F.3d 262, 266-67 (D.C. Cir. 2001) (rejecting argument that district court erred in refusing to compel production of the administrative record before deciding motion to dismiss). Defendants therefore respectfully submit that in connection with the PI Motion, the Court can, and should, consider the likelihood of success of Plaintiffs' APA claims based on the Complaint and the parties' filings to date.

3)  **What is the proposed timing of the submission of a certified administrative record by the United States Department of the Treasury for the Court's review.**

- **Plaintiffs' Position**

3

- o   Plaintiffs requested that the Defendants produce the administrative record today, February 13, so that they may review it prior to the hearing on the PI Motion.

- **Defendants' Position**

  - o   For the reasons set forth above in response to the Court's second question, there is no administrative record underlying the disputed issues, and the Court should resolve the PI Motion, and this case as a whole, without resort to an administrative record.

4) **Whether any party will be seeking expedited discovery in connection with the motion for a preliminary injunction, and if so, the nature of such discovery.**

- **Plaintiffs' Position**

  - o   Plaintiffs do not believe expedited discovery is necessary for the Court to rule on the PI Motion. Given the shifting facts here, and that Plaintiffs have not reviewed the administrative record, Plaintiffs are likely to seek expedited discovery following a ruling on the PI Motion in contemplation of filing a motion for summary judgment assuming no material facts are in dispute.

- **Defendants' Position**

  - o   For substantially the reasons set forth above in response to the Court's second question, Defendants do not believe that discovery of any kind is appropriate or necessary for the resolution of the PI Motion or this case as a whole.

5) **Whether any party requests an evidentiary hearing in connection with the motion for a preliminary injunction, and if so, the timing and anticipated length of such a hearing.**

- **Joint Position of the Parties**

  - o   The parties agree that they are not requesting an evidentiary hearing in connection with the PI Motion and instead will rely on the parties' submissions and oral argument at the February 14 hearing.

6) **Whether the Court should consolidate a hearing on the preliminary injunction motion with a trial on the merits, pursuant to Rule 65(a)(2) of the Federal Rules of Civil Procedure.**

- **Plaintiffs' Position**

  - o   Plaintiffs do not seek consolidation of a hearing on the PI Motion with a trial on the merits. Plaintiffs intend to review the administrative record and the updated facts submitted by Defendants and possibly seek expedited discovery based on that

review, following which Plaintiffs will likely seek to resolve this case with a motion for summary judgment.

- **<u>Defendants' Position</u>**

  o Defendants likewise do not seek consolidation of a hearing on the PI Motion with a trial on the merits.

7) **Whether Defendants intend to file a motion to dismiss or other dispositive motion, and if so, the anticipated bases of and a proposed briefing schedule for such motion.**

- **Plaintiffs' Position**

  o Plaintiffs do not understand their position to be required on this question.

- **Defendants' Position**

  o As stated above, Defendants intend to file a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6) on the same or substantially the same grounds as those set forth in their opposition to the PI Motion. *See* ECF No. 35. Defendants submit that Plaintiffs should be required to amend their complaint, if they intend to do so, before Defendants file their motion to dismiss. Defendants would be prepared to file their motion within thirty days of the Court's resolution of the PI Motion, or within thirty days of Plaintiffs' filing of an amended complaint, whichever is later.

8) **If Defendants intend to move to dismiss, whether Plaintiffs would anticipate amending their complaint as of right, pursuant to Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure.**

- **<u>Plaintiffs Position</u>**

  o Given the shifting facts, and that Plaintiffs have not reviewed the administrative record, Plaintiffs are likely to seek to amend the Complaint.

- **<u>Defendants' Position</u>**

  o Defendants do not understand their position to be required on this question.


DATED: February 13, 202

L<small>ETITIA</small> J<small>AMES</small>
A<small>TTORNEY</small> G<small>ENERAL OF</small> N<small>EW</small> Y<small>ORK</small>

By: */s Andrew Amer*
Andrew Amer

5

*Special Counsel*
Rabia Muqaddam
  *Special Counsel for Federal Initiatives*
Colleen K. Faherty
  *Special Trial Counsel*
28 Liberty Street
New York, NY 10005
(212) 416-6127
andrew.amer@ag.ny.gov

*Counsel for the State of New York*

BRETT A. SHUMATE
Acting Assistant Attorney General
Civil Division

JOHN R. GRIFFITHS
Director
Federal Programs Branch

*/s/ Bradley P. Humphreys*
BRADLEY P. HUMPHREYS
(D.C. Bar No. 988057)
Senior Trial Counsel
Federal Programs Branch
Civil Division, Department of Justice
1100 L Street NW
Washington, DC 20005
Telephone: (202) 305-0878
Bradley.Humphreys@usdoj.gov

DANIELLE R. SASSOON
United States Attorney

By: */s/ Jeffrey Oestericher*
JEFFREY OESTERICHER
REBECCA S. TINIO
Assistant United States Attorneys
86 Chambers Street, 3rd Floor
New York, NY 10007
Telephone: (212) 637-2695/2774
Email: jeffrey.oestericher@usdoj.gov
        rebecca.tinio@usdoj.gov

Additional Plaintiffs' counsel follows

**KRISTEN K. MAYES**
ATTORNEY GENERAL OF ARIZONA

By: */s Joshua D. Bendor\**
Joshua D. Bendor*
Joshua A. Katz*
2005 North Central Avenue
Phoenix, Arizona 85004
(602) 542-3333
Joshua.Bendor@azag.gov
Joshua.Katz@azag.gov

*Counsel for the State of Arizona*

**ROB BONTA**
ATTORNEY GENERAL OF CALIFORNIA

By: */s/ Michael S. Cohen*
Michael S. Cohen*
*Deputy Attorney General*
Thomas S. Patterson*
*Senior Assistant Attorney General*
Mark R. Beckington*
John D. Echeverria*
*Supervising Deputy Attorneys General*
Nicholas Green*
Jay Russell*
*Deputy Attorneys General*
California Attorney General's Office
1300 I Street, Suite 125
P.O. Box 944255
Sacramento, CA 94244-2550
(916) 210-6090
Michael.Cohen@doj.ca.gov

*Counsel for the State of California*

**PHIL WEISER**
ATTORNEY GENERAL OF COLORADO

By: */s Shannon Stevenson*
Shannon Stevenson
*Solicitor General*
Office of the Colorado Attorney General
1300 Broadway, #10
Denver, CO 80203
(720) 508-6000
shannon.stevenson@coag.gov

*Counsel for the State of Colorado*

**WILLIAM TONG**
  ATTORNEY GENERAL OF CONNECTICUT

By: */s Matthew Fitzsimmons*
Matthew Fitzsimmons*
  *Chief Counsel*
165 Capitol Ave
Hartford, CT 06106
(860) 808-5318
Matthew.fitzsimmons@ct.gov


*Counsel for the State of Connecticut*



**ANNE E. LOPEZ**
  ATTORNEY GENERAL OF HAWAI'I

By: */s Kaliko'onālani D. Fernandes*
David D. Day*
  *Special Assistant to the Attorney General*
Kaliko'onālani D. Fernandes*
  *Solicitor General*
425 Queen Street
Honolulu, HI 96813
(808) 586-1360
kaliko.d.fernandes@hawaii.gov


*Counsel for the State of Hawai'i*



**KATHLEEN JENNINGS**
  ATTORNEY GENERAL OF DELAWARE

By: */s/ Vanessa L. Kassab*
Ian R. Liston
  *Director of Impact Litigation*
Vanessa L. Kassab
  *Deputy Attorney General*
Delaware Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 683-8899
vanessa.kassab@delaware.gov


*Counsel for the State of Delaware*



**KWAME RAOUL**
  ATTORNEY GENERAL OF ILLINOIS

By: */s/ Darren Kinkead*
Darren Kinkead
  *Public Interest Counsel*
115 S. LaSalle St.
Chicago, Illinois 60603
(773) 590-6967
Darren.Kinkead@ilag.gov


*Counsel for the State of Illinois*

AARON M. FREY
   ATTORNEY GENERAL OF MAINE

By: /s/ Jason Anton
Jason Anton
*Assistant Attorney General*
Office of the Attorney General
6 State House Station
Augusta, ME  04333-0006
(207) 626-8800
jason.anton@maine.gov


Counsel for the State of Maine

ANTHONY G. BROWN
   ATTORNEY GENERAL OF MARYLAND

By: /s Adam D. Kirschner*
Adam D. Kirschner
   *Senior Assistant Attorney General*
Office of the Attorney General
200 Saint Paul Place, 20th Floor
Baltimore, Maryland 21202
(410) 576-6424
akirschner@oag.state.md.us


Counsel for the State of Maryland

ANDREA JOY CAMPBELL
   ATTORNEY GENERAL
   COMMONWEALTH OF MASSACHUSETTS

By: /s/ David C. Kravitz
David C. Kravitz
   *State Solicitor*
One Ashburton Place
Boston, MA 02108
617-963-2427
david.kravitz@mass.gov


Counsel for the Commonwealth of
Massachusetts

KEITH ELLISON
   ATTORNEY GENERAL OF MINNESOTA

By: /s Liz Kramer
Liz Kramer*
   *Solicitor General*
445 Minnesota Street, Suite 1400
St. Paul, Minnesota, 55101
(651) 757-1010
Liz.Kramer@ag.state.mn.us


Counsel for the State of Minnesota

**AARON D. FORD**
  ATTORNEY GENERAL OF NEVADA

By: /s/ *Heidi Parry Stern*
Heidi Parry Stern (Bar. No. 8873)
  *Solicitor General*
Office of the Nevada Attorney General
1 State of Nevada Way, Suite 100
Las Vegas, NV 89119
HStern@ag.nv.gov

*Counsel for the State of Nevada*

**JEFF JACKSON**
  ATTORNEY GENERAL OF NORTH CAROLINA

**LAURA HOWARD**
  CHIEF DEPUTY ATTORNEY GENERAL

By /s/ Daniel P. Mosteller
  *Associate Deputy Attorney General*
North Carolina Department of Justice
PO Box 629
Raleigh, NC 27602
919-716-6026
dmosteller@ncdoj.gov

*Counsel for State of North Carolina*

**MATTHEW J. PLATKIN**
  ATTORNEY GENERAL OF NEW JERSEY

By: /s *David Leit*
David Leit
  *Assistant Attorney General*
(609) 414-4301
david.leit@law.njoag.gov

Kashif Chand
  *Chief, Deputy Attorney General*
(609) 696-5160
kashif.chand@law.njoag.gov

124 Halsey Street
Newark, NJ 07101

*Counsel for the State of New Jersey*

**DAN RAYFIELD**
  ATTORNEY GENERAL OF OREGON

By: /s/ *Elleanor H. Chin*
Elleanor H. Chin
  *Senior Assistant Attorney General*
Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880
elleanor.chin@doj.oregon.gov

*Counsel for the State of Oregon*

10

**PETER F. NERONHA**
  ATTORNEY GENERAL OF RHODE ISLAND

By: /s/ Alex Carnevale*
Alex Carnevale*
  *Special Assistant Attorney General*
Office of the Attorney General – State of
Rhode Island
150 South Main Street
Providence, RI 02903
(401) 274 4400
acarnevale@riag.ri.gov


*Counsel for the State of Rhode Island*

**JOSH KAUL**
  ATTORNEY GENERAL OF WISCONSIN

By: /s/ Brian P. Keenan
Brian P. Keenan
  State Bar #1056525
Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-0020
keenanbp@doj.state.wi.us


*Counsel for the State of Wisconsin*

**CHARITY R. CLARK**
  ATTORNEY GENERAL OF VERMONT

By: /s/ Jonathan Rose
Jonathan Rose*
  *Solicitor General*
Appellate Unit
Office of the Attorney General
109 State Street, 3rd Floor
Montpelier, VT 05609
(802) 793-1646
jonathan.rose@vermont.gov

*Counsel for the State of Vermont*

\**pro hac vice*/motion pending/forthcoming

11