UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STATE OF NEW YORK, *et al.*,<br><br>            Plaintiffs,<br><br>     v.<br><br>DONALD J. TRUMP, IN HIS OFFICIAL CAPACITY AS PRESIDENT OF THE UNITED STATES, *et al.*,<br><br>            Defendants. | C.A. No. 1:25-cv-1144 (JAV) (SDA) |

**[PROPOSED] ORDER FOR PRELIMINARY INJUNCTON**

      The Court, upon reviewing the parties' filings, including (i) Plaintiff States' Complaint (ECF No. 7), (ii) the affirmation of Colleen K. Faherty, dated February 7, 2025, in support of Plaintiff States' Motion for a Temporary Restraining Order (ECF No. 5); (iii) Plaintiff States' Memorandum of Law in Support of Plaintiff States' Motion for a Temporary Restraining Order, dated February 7, 2025 (ECF No. 4); (iv) Defendants' Memorandum of Law in Support of Emergency Motion to Dissolve, Clarify, or Modify *Ex Parte* Temporary Restraining Order (ECF No. 12); (v) Declaration of Thomas H. Krause, dated February 9, 2024 (ECF No. 13); (vi) Plaintiff States' Memorandum of Law in Opposition Defendants' Emergency Motion (ECF No. 20); (vii) Defendants' Reply in Support of Emergency Motion to Dissolve, Clarify, or Modify *Ex Parte* Temporary Restraining Order (ECF No. 25); (viii) Declaration of Michael J. Wenzler, dated Feb. 11, 2025 (ECF No. 31); (ix) Declaration of Vona S. Robinson, dated Feb. 11, 2025 (ECF No. 32), with corrections dated Feb. 12, 2025 (ECF No. 47); (x) Declaration of Thomas H. Krause dated Feb. 11, 2025 (ECF No. 33); (xi) Declaration of Joseph Gioeli, III, dated Feb. 11, 2025 (ECF No.

1

34); (xii) Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion for a Preliminary Injunction (ECF No. 35); and (xiii) Plaintiff States' Reply Memorandum of Law in Support of Motion for a Preliminary Injunction, and all other papers and orders herein; and having heard all counsel, it is hereby ordered as follows:

ORDERED that, sufficient reason having been shown therefor, the Defendants are:

1.     restrained from taking any action to develop, facilitate, or implement any process, whether automated or manual, for Treasury Department payment systems to flag and pause payment instructions for reasons other than the statutorily-authorized business of the Treasury Department;

2.     restrained from granting to any Treasury Department employee (other than those in Senate-confirmed positions) access to Treasury Department payment records, payment systems, or any other data systems maintained by the Treasury Department containing personally identifiable information and/or financial information of payees, other than those employees with a need for access to perform their lawful job duties within the Bureau of the Fiscal Service ("BFS") who have passed all background checks and security clearances, taken all information security training called for in federal statutes and Treasury Department regulations, and have complied with all applicable government ethics rules; and

3.     directed to maintain the quarantine of all devices and logs used by the United States Department of Government Efficiency team members while working at the Treasury Department, including the preservation of activity logs on such devices, as described in ECF No. 13 at ¶ 11, subject to production in discovery in this or any other related action.

By the Court:

_____      _____
Dated                                United States District Judge