

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*86 Chambers Street, 3rd floor*
*New York, New York 10007*

March 3, 2025

**BY ECF**
The Honorable Jeannette A. Vargas
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

        Re:    *State of New York* et al. *v. Trump* et al., No. 25 Civ. 1144 (JAV)

Dear Judge Vargas:

      This Office represents the defendants ("Defendants") in the above-captioned matter. We write respectfully out of an abundance of caution to request the Court's confirmation that the preliminary injunction ("PI") entered in this matter on February 21, 2025, *see* ECF No. 76, does not apply with respect to access to a software application used by the Internal Revenue Service ("IRS") known as Procurement for Public Sector ("PPS"). Defendants believe that PPS falls outside the scope of the PI, as it is a system that houses current and prospective contracts between the IRS and third-party contractors. PPS is not a payment system (nor is it a Bureau of the Fiscal Service system), and it does not contain any personally identifiable information or federal tax information of the Plaintiff States. Accordingly, PPS is not the subject of and does not implicate the concerns raised by the Plaintiff States in this case regarding the disclosure of their financial information. To avoid any doubt, however, Defendants respectfully request the Court's confirmation that PPS is not subject to the PI. Plaintiffs' counsel do not consent to Defendants' request.

      The PI entered by the Court restrains the United States Department of the Treasury and the Secretary of the Treasury "from granting access to any Treasury Department payment record, payment systems, or any other data systems maintained by the Treasury Department containing personally identifiable information and/or confidential financial information of payees to any employee, officer, or contractor employed or affiliated with the United States DOGE Service, DOGE, or the DOGE Team established at the Treasury department." ECF No. 76 at 63. The entry of the PI was premised on, among other things, the Court's determination that Plaintiffs had adequately alleged "past harm in the unauthorized disclosure of the States' confidential financial

information," and shown a "realistic danger of future unauthorized disclosures" of their own financial information, stemming from Treasury DOGE Team members' prior and contemplated access to Bureau of the Fiscal Service payment systems. *Id.* at 26, 29.

As stated above, PPS is not a payment system. Rather, we understand that the IRS uses PPS to automate the procurement request process. PPS provides a way to prepare, approve, and fund procurements; tracks all procurement requests and contains the information necessary to make awards, such as purchase orders, delivery orders, task orders, contract awards, and interagency agreements; and allows users to print award documents and reports for internal and external management operations.

PPS contains data related to current and future procurements. This data, which pertains to current or prospective vendor contracts with the IRS for goods or services, is considered to be procurement sensitive and is protected by the Procurement Integrity Act, 48 C.F.R. §§ 3.104-1 to 11, to ensure the integrity of the procurement process and the proprietary interests of vendors. PPS does not contain State financial or tax information.

As part of its work implementing the priorities and directives of the President and his executive orders, the Treasury DOGE Team seeks access to PPS in order to analyze vendor contracts and assess them for utility and wastefulness. For the reasons set forth above, Defendants submit that PPS does not fall within the PI's scope, and respectfully request the Court's confirmation thereof.

We thank the Court for its consideration of this submission.

Respectfully,

MATTHEW PODOLSKY
Acting United States Attorney for the
Southern District of New York
*Attorney for Defendants*

By:  /s/ *Rebecca S. Tinio*
JEFFREY S. OESTERICHER
REBECCA S. TINIO
Assistant United States Attorneys
86 Chambers Street, Third Floor
New York, NY 10007
Tel.: (212) 637-2695/2774
E-mail: jeffrey.oestericher@usdoj.gov
           rebecca.tinio@usdoj.gov
