

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES  
ATTORNEY GENERAL

EXECUTIVE DIVISION  
OFFICE OF FEDERAL INITIATIVES

March 4, 2025

**By ECF**
Honorable Jeanette A. Vargas
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      RE:    *New York v. Trump*, SDNY No. 25 Civ. 1144 (JAV)(SDA)

Dear Judge Vargas,

      The Office of the Attorney General ("OAG") represents the State of New York in the above-captioned case. We write in response to Defendants' letter (ECF No. 94) filed late yesterday seeking "confirmation" of this Court's Order (ECF No. 76) (the "PI"). Defendants have not filed a formal motion or attempted to demonstrate irreparable harm to support any modification of the PI.

      The Court's PI restricts certain Defendants' conduct with regards to the systems at the United States Department of Treasury ("Treasury Department"). The PI is clear as to what is covered: it bars "access to any Treasury Department payment record, payment systems, or any other data systems maintained by the Treasury Department containing personally identifiable information and/or confidential financial information of payees . . . ." There is no ambiguity in the language of the PI. Either the IRS's "Procurement for Public Sector" software (PPS) fits within this description or it does not—a matter that the Treasury Department staff should be able to determine with certainty (and Defendants do not contend otherwise). Asking the Court to go beyond the clear language of the PI to exclude a specific software program, especially in the absence of a formal motion supported by sworn testimony describing the precise nature of the program, what data or other information the system contains, and what irreparable injury

Hon. Jeanette A. Vargas
March 4, 2025
Page 2

Defendants face, is both improper and unnecessary. [1] Accordingly, the Court should deny Defendants' improperly informal request for "confirmation" of the PI.

                                  Respectfully submitted,

                                  */s/ Colleen K. Faherty*
                                  Colleen K. Faherty
                                  Special Trial Counsel
                                  (212) 416-6046

---

[1] We specifically note that:

1. The Defendants' letter claims that the PPS "is not a payment system." The preliminary injunction is not limited to payment systems. It covers "any other data systems… containing personally identifiable information…."
2. The Defendants' letter claims that counsel "understand[s]" that the PPS is used to automate the procurement request process. Counsel's "understanding," rather than a factually verifiable statement by persons with actual knowledge, is not a sufficient factual basis for any kind of ruling, modification, or confirmation by the Court.
3. The Defendants' letter claims that the PPS does not contain "State financial or tax information," but does not deny that it contains "personally identifiable information," which would bring it within the clear ambit of the preliminary injunction.