UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                            :
STATE OF NEW YORK, et al.,                    :

                         Plaintiffs,      :      25-CV-01144 (JAV)

           -v-                     :      <u>ORDER</u>

DONALD J. TRUMP, *in his official capacity as*
*President of the United States*, et al.,      :

                     Defendants.     :
------------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

       The Court is in receipt of the letter dated March 3, 2025, from the Defendants (ECF No. 94), requesting clarification as to whether the Preliminary Injunction entered by the Court on February 21, 2025 (ECF No. 76 ("Opinion and Order")), prohibits access to a software application used by the Internal Revenue Service ("IRS") known as Procurement for Public Sector ("PPS"). The IRS uses PPS to automate the procurement request process. (ECF No. 94). It allows the IRS to prepare, approve, and fund procurements; it tracks procurement requests; and it contains information regarding purchase orders, delivery orders, task orders, contract awards, and interagency agreements. *Id*. Defendants represent that PPS does not contain "any personally identifiable information or federal tax information of the Plaintiff States." *Id*.

       In response, Plaintiffs argue that Defendants are not seeking clarification of the language of the Preliminary Injunction, but rather impermissibly seek a modification of the preliminary injunction. (ECF No. 95). Plaintiffs contend that this relief cannot be granted absent a formal motion or sworn declarations from the Defendants. *Id*.

       The decision whether to modify a preliminary injunction "involves an exercise of the same discretion that a court employs in an initial decision to grant or deny a preliminary

injunction." *Weight Watchers Int'l, Inc. v. Luigino's, Inc.*, 423 F.3d 137, 141 (2d Cir. 2005). As stated in the Court's Opinion and Order, the "remedy in this case must be narrowly tailored to redress the specific harm asserted by the Plaintiffs:  the threatened disclosure of the States' sensitive bank information contained in the Treasury Department's payment systems."  Opinion and Order at 2.  Accordingly, to the extent a modification of the Court's Preliminary Injunction is required in this circumstance, the Court modifies the Preliminary Injunction to exclude the PPS software application from the restrictions on access that were placed on employees, officers, or contractors employed or affiliated with the United States DOGE Service, DOGE, or the DOGE Team established at the Treasury Department.

    SO ORDERED.

Dated: March 7, 2025
      New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge