**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STATE OF NEW YORK, *et al*., <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, IN HIS OFFICIAL CAPACITY AS PRESIDENT OF THE UNITED STATES, *et al.*, <br><br> Defendants. | C.A. No. 1:25-cv-1144 (JAV) |

**PLAINTIFF STATES' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION FOR RECONSIDERATION OF THE COURT'S ZONE-OF-INTERESTS RULING**

**TABLE OF CONTENTS**

ARGUMENT ...................................................................................................................... 1

I.   The States Have Properly Raised For Reconsideration Matters Overlooked By The Court
     When Conducting Its Zone-Of-Interests Analysis ...............................................................1

II.  The Overlooked Material Manifests Congress' Intent To Protect State Information In
     Federal Records....................................................................................................................4

CONCLUSION.................................................................................................................... 6

Plaintiff States submit this reply memorandum of law in further support of their motion for reconsideration of the Court's zone-of-interest ruling set forth in the February 21, 2025 Opinion and Order (ECF No. 76) ("Opinion" or "Op.") based on relevant statutory language and legislative history that the Court overlooked.

**ARGUMENT**

I.    **The States Have Properly Raised For Reconsideration Matters Overlooked By The Court When Conducting Its Zone-Of-Interests Analysis**

Defendants' principal argument that the States are improperly raising a new argument misses the mark. While a motion for reconsideration is not an avenue "to advance new facts, issues or arguments not previously presented to the Court," *Nat'l Union Fire Ins. Co. of Pittsburgh, PA. v. Stroh Cos.*, 265 F.3d 97, 115 (2d Cir. 2001), it nevertheless serves a "valuable function" by allowing a party to raise matters overlooked where the court "has made a decision outside the adversarial issues presented" by the parties "or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir.1990); *see also Shrader v. CSX Transp., Inc.,* No. 94-cv-34S, 1994 WL 721364, at *1 (W.D.N.Y. Dec. 7, 1994) (holding legislative history previously not brought to the court's attention was important matter the court overlooked when deciding the motion and "provides a sufficient basis for reconsideration of" the motion), *aff'd*, 70 F.3d 225, 257 (2d Cir. 1995) (holding district court's reconsideration of its earlier ruling was not an abuse of discretion when based on "substantial legislative history"); *Warren v. City of New York*, No. 08-cv-3815, 2010 WL 2026502, at *1 (E.D.N.Y. May 19, 2010) ("[A] court does not abuse its discretion to grant [reconsideration] where additional case law or data is put before it.") (citing *Schrader*, 250 F.2d at 257); *Watkins v. Bureau of Alcohol, Tobacco and Firearms*, No. Civ. A. 04-800(GK), 2005 WL 2334277, *1

1

(D.D.C. Sept. 1, 2005) (granting reconsideration based on relevant legislative history the court overlooked).

The States' motion fits squarely within this framework. The statutory language and legislative history that form the basis of the States' motion for reconsideration ("Overlooked Material") were not previously raised by the States because the issue of Congress' intent when passing the Privacy Act and E-Government Act was not an "adversarial issue" in contention since Defendants failed to challenge the presumption of prudential standing. *See Patel v. U.S. Citizenship and Immigration Services*, 732 F.3d 633, 635 (6th Cir. 2013) (finding agency action presumptively reviewable and that the prudential standing test is not "especially demanding"). It was not until the Court ruled in its Opinion that the States' interests for purposes of the zone-of-interests analysis was limited to their interests in preventing their Article III harm and could not include protecting the PII of their residents that the issue of congressional intent under the zone-of-interests prudential standing test became material. Op. at 37. This is clear from a review of the procedural history on the States' preliminary injunction motion.

In opposing the States' "contrary to law" APA claim, Defendants did not challenge the States' prudential standing under the zone-of-interests test. Instead, with respect to the Privacy Act, Defendants argued solely that review was foreclosed by § 704 of the APA because "an adequate alternative remedy for persons entitled to sue" exists under the statute, and "the creation of a Privacy Impact Assessment ("PIA") under the E-Government Act does not constitute final agency action." Defendants' Memorandum (ECF No. 35) ("Defs. MOL") at 21, 28. In fact, Defendants' opposition refers to zone of interests only once in connection with social security regulations, and even then, not in the context of an APA prudential standing analysis. *Id*. at 31 ("Because the States do not have interests within the zone protected by the relevant [social security] regulation, they

lack a cause of action to establish this violation."). On reply, the States noted the zone-of-interests requirement and responded to Defendants' § 704 argument, but understandably did not engage in a substantive zone-of-interests analysis under the Privacy Act or E-Government Act as Defendants' opposition did not challenge the States' presumptive prudential standing. Plaintiffs' Reply Memorandum (ECF No. 51) ("Pls. Reply") at 8 (referencing the zone-of-interests requirement and citing *Match-E-Be-Nash-She-Wish Band of Pottawatomi Indians v. Patchak*, 567 U.S. 209, 224 (2012)).

During oral argument, the Court directly raised the issue of the interests served by the Privacy Act, asking the States' counsel to address the fact that the statute "does not apply to state information." February 14, 2025 Transcript ("Tr.") at 28:8-16. Counsel's response distinguished "between Article III standing and prudential standing under the APA," articulating that the States were relying on a comparison between the interests served by the statutes invoked and the States' interests in protecting "the PII of individual residents who reside within these states and whose information the states provide through portals to the Treasury in order to obtain certain types of funding like Medicaid…." *Id*. at 28:17-29:4. There was no further discussion at oral argument about the zone of interests or what interests Congress intended to protect under the Privacy Act and E-Government Act; again, this is understandable since it was beyond debate that Congress intended to protect under these statutes at least the PII of individuals, which was the interest the States were arguing they could rely on to meet the prudential standing requirement.

However, the Court squarely rejected in its Opinion the States' reliance on their interests in protecting their residents' PII, holding instead that the States' interests to be compared with Congress' intent under the statutes for the zone-of-interests analysis are limited to preventing their "asserted injury in fact" for Article III standing—*i.e*., "their interest in the security of their *own*

Case 1:25-cv-01144-JAV   Document 119   Filed 03/17/25   Page 6 of 13

financial information." Op. at 37 (emphasis added). The States submit this "was error not of reasoning but of apprehension" about Congress' intent made without the benefit of the Overlooked Material. *Bank of Waunakee,* 906 F.2d at 1191. If the States had an opportunity to address this issue, they could have helped "the trial court avoid the risk that it may have overlooked valid answers to what it perceive[d] as defects in plaintiff[s'] case" *McGinty v. New York*, 251 F.3d 84, 90 (2d Cir. 2001) (reviewing court's *sua sponte* dismissal for lack of jurisdiction).

Given "the unusual way" in which the statutes were codified, Plaintiffs' Memorandum (ECF No. 106) ("Pls. MOL") at 4, 7, n.4, coupled with the fact that congressional intent of the statutes was not an "adversarial issue[] presented" in the parties' briefing, *Bank of Waunakee,* 906 F.2d at 1191, the Court should reconsider its zone-of-interests ruling informed by the Overlooked Material—"important matter" for the Court to consider, *Shrader,* 1994 WL 721364, at *1. Doing so "enables [the Court] to correct its own errors," *Russell v. Delco Remy Div. Gen. Motors Corp.,* 51 F.3d 746, 749 (7th Cir.1995), and "prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992). *See Shrader*, 70 F.3d at 257 ("[I]n light of [the moving party's] introduction of additional…*substantial legislative history*, we cannot say that the district court's decision to reconsider…was an abuse of discretion.") (emphasis added).

II.   **The Overlooked Material Manifests Congress' Intent To Protect State Information In Federal Records**

In arguing that the zone-of-interests test requires a plaintiff to have a cause of action under the statute invoked, Defendants' Opposition (ECF No. 117) ("Defs. Opp.") at 8, Defendants seriously misconstrue the relevant standard. Indeed, the Supreme Court has expressly held that the lenient zone-of-interests test applied in the context of the APA does *not* require showing any "indication of congressional purpose to benefit the would-be plaintiff." *Clarke v. Sec. Indus. Ass'n*, 479 U.S. 388, 399-400 (1987). The aim of the test is merely to exclude only "those plaintiffs whose

suits are more likely to frustrate than to further statutory objectives." *Clarke*, 479 U.S. at 397 n.12. Far from frustrating the statutory objectives of the Privacy Act and the E-Government Act, the States' challenge of the Engagement Plan under the APA promotes those objectives, which includes protecting the security of not just PII of individuals, but also state government information in Federal Records. *See* Pls. MOL at Point II. When broadly construed with the benefit of the Overlooked Material, the States' interests in preventing their asserted Article III injury are "more than 'marginally related' to the purposes implicit in the law or regulations invoked," which is all that the prudential standing requirement under the APA requires. *Federal Defenders of New York, Inc. v. Federal Bureau of Prisons*, 954 F.3d 118, 132 (2d Cir. 2020) (quoting *Match-E-Be-Nash-She-Wish Band of Pottawatomi Indians v. Patchak*, 567 U.S. 209, 225 (2012)).

Defendants fail to grapple in any meaningful way with *Patchak*, relegating the case to a footnote. In *Patchak*, the Court held that the plaintiff's direct injury in the form of economic, environmental, and aesthetic harm to his property fell within the broader "considerations of land use" that the Indian Reorganization Act protected for the benefit of Native Americans. 567 U.S. at 224-27. Here, like in *Patchak*, the States' direct Article III injury—Defendants' failure to adequately protect the States' financial information—is "arguably" within the broader "considerations" by Congress under the statutes to protect information of state governments in Federal Records, as elucidated by the Overlooked Material. *Id.* at 224.

With respect to Defendants' assessment of the Overlooked Material on congressional intent, their analysis is unavailing. First, that the overlooked statutory provisions are purportedly "far afield" from the provisions the States maintain the Engagement Plan violates, Defs. Opp. at 8, is irrelevant to whether they bear on congressional intent; regardless of their proximity to the provisions the States invoke, they speak clearly to the breadth of the interests Congress sought to

5

protect, leaving no doubt that those interests encompass state information contained in Federal Records.

Second, Defendants' attempts to downplay Congress' focus in the Overlooked Material on state government information, including PII of their residents they handle for purposes of administering federal programs such as Medicaid—evidenced in particular in the Privacy Act by the creation of a commission to address state concerns—are unpersuasive. Any fair and reasonable interpretation of the Overlooked Material leads to the inescapable conclusion that Congress intended when enacting the statutes not just to protect the interests of individuals in their PII, but also to protect the States' interests in their information contained in Federal Records.

## CONCLUSION

For the foregoing reasons, the States respectfully request that the Court grant their motion for reconsideration.

Dated: March 17, 2025
New York, New York

Respectfully submitted,

**LETITIA JAMES**
  ATTORNEY GENERAL OF NEW YORK

By: */s Andrew Amer*
Andrew Amer
  *Special Counsel*
Rabia Muqaddam
  *Special Counsel for Federal Initiatives*
Colleen K. Faherty
  *Special Trial Counsel*
Stephen Thompson
  *Assistant Attorney General.*
28 Liberty Street
New York, NY 10005
(212) 416-6127
andrew.amer@ag.ny.gov

*Counsel for the State of New York*


**ROB BONTA**
  ATTORNEY GENERAL OF CALIFORNIA

By: /s/ *Michael S. Cohen*
Michael S. Cohen
  *Deputy Attorney General*
Thomas S. Patterson
  *Senior Assistant Attorney General*
Mark R. Beckington
John D. Echeverria
  *Supervising Deputy Attorneys General*
Nicholas Green
Jay Russell
  *Deputy Attorneys General*
California Attorney General's Office
1300 I Street, Suite 125
P.O. Box 944255
Sacramento, CA 94244-2550
(916) 210-6090
Michael.Cohen@doj.ca.gov


*Counsel for the State of California*


**KRISTEN K. MAYES**
  ATTORNEY GENERAL OF ARIZONA

By: */s Joshua D. Bendor*
Joshua D. Bendor
Joshua A. Katz
2005 North Central Avenue
Phoenix, Arizona 85004
(602) 542-3333
Joshua.Bendor@azag.gov
Joshua.Katz@azag.gov



*Counsel for the State of Arizona*


**PHIL WEISER**
  ATTORNEY GENERAL OF COLORADO

By: */s Shannon Stevenson*
 Shannon Stevenson
  *Solicitor General*
Office of the Colorado Attorney General
1300 Broadway, #10
Denver, CO 80203
(720) 508-6000
shannon.stevenson@coag.gov

*Counsel for the State of Colorado*

**WILLIAM TONG**
  ATTORNEY GENERAL OF CONNECTICUT

By: */s Matthew Fitzsimmons*
Matthew Fitzsimmons
  *Chief Counsel*
165 Capitol Ave
Hartford, CT 06106
(860) 808-5318
Matthew.fitzsimmons@ct.gov


*Counsel for the State of Connecticut*


**ANNE E. LOPEZ**
  ATTORNEY GENERAL OF HAWAIʻI

By: /s *Kalikoʻonālani D. Fernandes*
David D. Day
  *Special Assistant to the Attorney General*
Kalikoʻonālani D. Fernandes*
  *Solicitor General*
425 Queen Street
Honolulu, HI 96813
(808) 586-1360
kaliko.d.fernandes@hawaii.gov


*Counsel for the State of Hawaiʻi*

**AARON M. FREY**
  ATTORNEY GENERAL OF MAINE

By: /s/ *Jason Anton*
Jason Anton
*Assistant Attorney General*
Office of the Attorney General
6 State House Station
Augusta, ME  04333-0006
(207) 626-8800
jason.anton@maine.gov


*Counsel for the State of Maine*

**KATHLEEN JENNINGS**
ATTORNEY GENERAL OF THE STATE OF
DELAWARE

By: /s/ *Vanessa L. Kassab*
Vanessa L. Kassab
Deputy Attorney General
Delaware Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 683-8899
vanessa.kassab@delaware.gov


*Counsel for the State of Delaware*


**KWAME RAOUL**
  ATTORNEY GENERAL OF ILLINOIS

By: */s/ Darren Kinkead*
Darren Kinkead
  *Public Interest Counsel*
115 S. LaSalle St.
Chicago, Illinois 60603
(773) 590-6967
Darren.Kinkead@ilag.gov


*Counsel for the State of Illinois*

**ANTHONY G. BROWN**
  ATTORNEY GENERAL OF MARYLAND

By: /s *Adam D. Kirschner*
Adam D. Kirschner
  *Senior Assistant Attorney General*
Office of the Attorney General
200 Saint Paul Place, 20th Floor
Baltimore, Maryland 21202
(410) 576-6424
akirschner@oag.state.md.us


*Counsel for the State of Maryland*

**ANDREA JOY CAMPBELL**
  ATTORNEY GENERAL
  COMMONWEALTH OF MASSACHUSETTS

By: /s/ David C. Kravitz
David C. Kravitz
  *State Solicitor*
One Ashburton Place
Boston, MA 02108
617-963-2427
david.kravitz@mass.gov

*Counsel for the Commonwealth of Massachusetts*

**AARON D. FORD**
  ATTORNEY GENERAL OF NEVADA

By: /s/ *Heidi Parry Stern*
Heidi Parry Stern (Bar. No. 8873)
  *Solicitor General*
Office of the Nevada Attorney General
1 State of Nevada Way, Suite 100
Las Vegas, NV 89119
HStern@ag.nv.gov

*Counsel for the State of Nevada*

**KEITH ELLISON**
  ATTORNEY GENERAL OF MINNESOTA

By: /s *Liz Kramer*
Liz Kramer
  *Solicitor General*
445 Minnesota Street, Suite 1400
St. Paul, Minnesota, 55101
(651) 757-1010
Liz.Kramer@ag.state.mn.us

*Counsel for the State of Minnesota*

**MATTHEW J. PLATKIN**
  ATTORNEY GENERAL OF NEW JERSEY

By: /s *David Leit*
David Leit
  *Assistant Attorney General*
(609) 414-4301
david.leit@law.njoag.gov

Kashif Chand
  *Chief, Deputy Attorney General*
(609) 696-5160
kashif.chand@law.njoag.gov

124 Halsey Street
Newark, NJ 07101

*Counsel for the State of New Jersey*

**JEFF JACKSON**
ATTORNEY GENERAL OF NORTH CAROLINA

**LAURA HOWARD**
CHIEF DEPUTY ATTORNEY GENERAL

By /s/ Daniel P. Mosteller
*Associate Deputy Attorney General*
North Carolina Department of Justice
PO Box 629
Raleigh, NC 27602
919-716-6026
dmosteller@ncdoj.gov

*Counsel for State of North Carolina*

**PETER F. NERONHA**
ATTORNEY GENERAL OF RHODE ISLAND

By: /s/ Alex Carnevale
Alex Carnevale
*Special Assistant Attorney General*
Office of the Attorney General – State of
Rhode Island
150 South Main Street
Providence, RI 02903
(401) 274 4400
acarnevale@riag.ri.gov

*Counsel for the State of Rhode Island*

**JOSH KAUL**
ATTORNEY GENERAL OF WISCONSIN

By: */s/ Brian P. Keenan*
Brian P. Keenan
State Bar #1056525
Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-0020
keenanbp@doj.state.wi.us

*Counsel for the State of Wisconsin*

**DAN RAYFIELD**
ATTORNEY GENERAL OF OREGON

By: */s/ Elleanor H. Chin*
Elleanor H. Chin
*Senior Assistant Attorney General*
Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880
elleanor.chin@doj.oregon.gov

*Counsel for the State of Oregon*

**CHARITY R. CLARK**
ATTORNEY GENERAL OF VERMONT

By: */s/ Jonathan Rose*
Jonathan Rose*
*Solicitor General*
Appellate Unit
Office of the Attorney General
109 State Street, 3rd Floor
Montpelier, VT 05609
(802) 793-1646
jonathan.rose@vermont.gov

*Counsel for the State of Vermont*

\* - pro hac vice motion pending

**CERTIFICATION**

I certify that, excluding the caption, table of contents, table of authorities, signature block, and this

certification, the foregoing Memorandum of Law contains 1,749 words, calculated using Microsoft

Word, which complies with Rule 6.3 of the Local Rules of the United States District Courts for the

Southern and Eastern Districts of New York.


Dated: New York, New York
      March 17, 2025

                                      LETITIA JAMES
                                      Attorney General of the State of New York
                                      By: /s Colleen K. Faherty
                                      Colleen K. Faherty
                                          Special Trial Counsel
                                      28 Liberty Street
                                      New York, NY 10005
                                      (212) 416-6046
                                      Colleen.Faherty@ag.ny.gov