UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| State of New York, *et al.* <br><br> *Plaintiffs*, <br><br> v. <br><br> U.S. Department of the Treasury, *et. al.* <br><br> *Defendants*. | Case No. 1:25-cv-1144-JAV |

    I, David Ambrose, declare under penalty of perjury:

1. I currently serve as the Bureau of the Fiscal Service's (BFS or the Bureau) Chief Security Officer/Chief Privacy Officer/Acting Chief Information Security Officer. I report to Nathaniel Reboja (Reboja), Assistant Commissioner for Information and Security Services and Chief Information Officer for the Bureau. I am a career civil servant. I have been employed at the Bureau for over 19 years.

2. In my current role, I am one of the Bureau employees responsible for overseeing the security of the Bureau's technology infrastructure and the information contained therein. As Chief Security Officer, I am involved in protecting the security of, and access to, the Bureau's data, computer and payment systems, and equipment (collectively Systems and Equipment), and understand the security posture of these Systems and Equipment. I have extensive knowledge of the security strategies and measures that support the Bureau's enterprises, and am familiar with Bureau requirements around access to sensitive systems.

3. On March 14, 2025, I executed a declaration in this case, which I understand is docketed as ECF No. 116-1. In paragraph six of that declaration, I stated that I had briefed Mr. Wunderly

on Bureau policies and rules concerning the proper handling and safeguarding of Bureau data, sensitive information, and equipment.

4. I execute the instant declaration to expand upon various federal laws, regulations, and policies governing the handling and care of sensitive information that I either personally discussed with Mr. Wunderly during the briefing, or that he is responsible for following under the Fiscal Service Rules of Behavior or other resources.

5. Prior to the briefing, I emailed Mr. Wunderly copies of the Fiscal Service Rules of Behavior and the Bureau's Policy 301-2, which is its Email and Instant Messaging policy. Copies of the Rules of Behavior and Policy 301-2 are attached to this declaration as, respectively, **Exhibits A** and **B**.

6. Briefings such as the one I provided to Mr. Wunderly are grounded in the Federal Information Security Modernization Act of 2014 (FISMA), Pub. L. No. 113-283. Among other things, FISMA requires federal agencies to establish and maintain information-security programs; to regularly review those programs; and to annually report on the effectiveness of those programs to the Office of Management and Budget, and ultimately Congress.

7. The Rules of Behavior that I emailed to Mr. Wunderly, and then briefed him on, require him to "[u]se Fiscal Service data, equipment, and IT systems properly and follow laws, regulations, and policies governing the use of such resources (Base Line Security Requirements, (BLSRs), Treasury Information Technology Security Program (TD-P 85-01), the Treasury Security Manual (TD-P 15-71), and Fiscal Service Policies)."

8. These resources are available to all Bureau employees, and represent components of the security programs that FISMA requires the Treasury and the Bureau to implement. Additionally, Bureau security personnel, including myself, and attorneys with the Bureau's

Office of the Chief Counsel are available to answer employee questions concerning these resources as the need arises.

9. One of these resources is FS Policy 301-3, the Bureau's Privacy policy (attached as **Exhibit C**). The policy notes, on page one, that it contains the Bureau's "recommended processes and procedures for determining whether, and how, Fiscal Service will collect, maintain, use, or share personally identifiable information." More detailed discussions of the Bureau's privacy-security strategy and measures for ensuring the safety of PII follow. Additionally, Policy 301-3's references section, found at pages three and four, lists a number of other relevant resources, including statutes and policies addressing the safeguarding of PII.

10. During my briefing with Mr. Wunderly, I specifically mentioned the Privacy Act of 1974 and IRS Special Publication 1075, titled Tax Information Security Guidelines for Federal, State and Local Agencies. IRS Special Publication 1075 discusses Internal Revenue Code section 6103, which sets forth requirements for maintaining and safeguarding the confidentiality of tax returns and information.

11. Also during the briefing, I discussed with Mr. Wunderly the concept of "Controlled Unclassified Information" (CUI), defined in FS Policy 301-2, and his responsibility for safeguarding CUI, which is described in more detail in that policy.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 3/17/25          Signed: _____

David J. Ambrose
Chief Security Officer/Chief Privacy Officer/ Acting Chief Information Security Officer
Bureau of the Fiscal Service
United States Department of the Treasury

3