

| Office of the New York State Attorney General | Letitia James Attorney General |
|---|---|

March 18, 2025

By ECF

The Honorable Jeannette A. Vargas
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

**Re:** *State of New York, et al. v. Donald J. Trump, et al.*, **Case No. 25-cv-1144 (JAV)**

Dear Judge Vargas:

This Office represents the State of New York in the above-referenced action. On behalf of the Plaintiff States, we respectfully submit this letter motion to request leave to file a short sur-reply concerning Defendants' Motion to Partially Dissolve the Preliminary Injunction (ECF No. 111) to afford the States an opportunity to respond to the new material and information contained in six new declarations Defendants improperly submitted on reply (ECF Nos. 121-126).

"It is plainly improper to submit on reply evidentiary information that was available to the moving party at the time that it filed its motion and that is necessary in order for that party to meet its burden." *See Revise Clothing, Inc. v. Joe's Jeans Subsidiary, Inc.*, 687 F. Supp. 2d 381, 387 (S.D.N.Y. 2010). A review of the six declarations submitted with Defendants' reply—including three from entirely new declarants—confirms two important points necessitating the additional filing: (1) defendants on reply have introduced new information, to which Plaintiffs have been deprived an opportunity to respond; and (2) the new, additional information was available to Defendants when they originally filed their motion on March 10 and should have been included with that filing or their earlier Status Report (ECF No. 98) to meet their burden of satisfying the concerns articulated by the Court in holding that "the launch of the Treasury DOGE Team was chaotic and haphazard." February 21, 2025 Opinion and Order (ECF No. 76), at 50. By waiting until their reply to attempt to shore up obvious informational gaps and deficiencies in the record,

Hon. Jeannette A. Vargas
March 18, 2025
Page 2

Defendants have unfairly prejudiced the States by depriving them of any opportunity to review and respond to the additional evidence contained in the new declarations.[1]

While in its discretion "[a] court may strike portions of reply submissions that add new material that should have been included in the opening papers," *Aurora Loan Services, Inc. v. Posner, Posner & Associates, P.C.*, 513 F. Supp. 2d 18, 19-20 (S.D.N.Y. 2007), the States seek more limited relief; they request only that the Court permit them to submit a sur-reply responding to the new evidence of no more than 2,500 words to be filed within three business days of the Court granting this request "to cure any potential prejudice" from the submission of unrebutted new, additional evidence, *Dixon v. NBCUniversal Media, LLC,* 947 F. Supp. 2d 390, 397 (S.D.N.Y. 2013) (exercising discretion to grant the party aggrieved by the submission of new evidence on reply leave to file a sur-reply).

Defendants consent to the States' request to file a short sur-reply as described.

The States appreciate the Court's consideration of this letter motion.

                                                        Respectfully,

                                                    /s/ Andrew Amer
                                                    Andrew Amer
                                                    Special Counsel
                                                    Andrew.amer@ag.ny.gov
                                                    (212) 416-6127

cc:   Counsel of Record (via ECF)

---

[1] In a similar vein, Defendants filed a letter containing two additional declarations on the day that the States' opposition to their motion was due. That eleventh-hour submission was also prejudicial, but the States did not seek relief because at least they had the opportunity to quickly review the submission and briefly comment on the two new declarations in their opposition. *See* Plaintiffs' Opposition (ECF No. 118) at n. 2, 7, and 8. The States have no opportunity to do so here absent leave to file a sur-reply.