

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*86 Chambers Street, 3rd floor*
*New York, New York 10007*

April 8, 2025

**BY ECF**
The Honorable Jeannette A. Vargas
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

      Re:   *State of New York* et al. *v. Trump* et al., No. 25 Civ. 1144 (JAV)

Dear Judge Vargas:

      This Office represents the defendants ("Defendants") in the above-captioned matter.  We write to bring to the Court's attention a relevant supplemental authority and to urge the Court to issue a prompt decision on Defendants' pending motion to partially dissolve the preliminary injunction as to Ryan Wunderly, given the ongoing constraints and operational burdens imposed by the injunction and Defendants' potential need to pursue emergency appellate relief.  On April 7, 2025, by the Order that is attached hereto, the United States Court of Appeals for the Fourth Circuit stayed the preliminary injunction that had been entered by the district court in *American Federation of Teachers, et al. v. Bessent, et al.*, 25 Civ. 430 (DLB) (D. Md. Mar. 24, 2025) (ECF No. 69) ("*AFT I*").  *See American Federation of Teachers, et al. v. Bessent, et al.*, No. 25-1282 (4th Cir. Apr. 7, 2025) (Dkt. No. 17) (*"AFT II"*).  The preliminary injunction had, among other things, restricted "DOGE affiliates" (specifically including Thomas Krause and Ryan Wunderly) from accessing the personally identifiable information of the plaintiffs and the members of the plaintiff organizations in that case.  *AFT I* at 2.  In their opinions concurring with the Fourth Circuit's Order staying the preliminary injunction, Judges Agee and Richardson both expressed the view that the Government was likely to succeed in establishing that the plaintiffs lacked standing to press their claims.  *See AFT II* at 3, 9.  Judge Richardson, with Judge Agee concurring, further expressed skepticism with regard to the plaintiffs' arguments on additional threshold issues: final agency action; APA cause of action (*i.e.,* whether the Privacy Act's damages provision qualifies as an "adequate remedy" preventing review under the APA); Privacy Act violation; and irreparable injury.  *Id.* at 13–15.

      We also respectfully renew Defendants' request for a prompt ruling on their pending motion to partially dissolve the preliminary injunction as to Ryan Wunderly. Since the entry of the temporary restraining order on February 8, 2025, and the subsequent preliminary injunction on February 21, the Department of the Treasury has been unable to engage in its critical and presidentially-directed work of analyzing and modernizing the payment systems of the Bureau of the Fiscal Service, in order to improve the agency's operations. Defendants' motion to partially dissolve the preliminary injunction is persuasive and should be granted. Moreover, given the substantial operational burdens on the agency that the preliminary injunction has imposed, it may be necessary to seek emergency appellate relief as early as next week.

      We thank the Court for its consideration of this submission.

      Respectfully,

MATTHEW PODOLSKY
Acting United States Attorney for the
Southern District of New York
*Attorney for Defendants*

By:   /s/ *Rebecca S. Tinio*_____
JEFFREY S. OESTERICHER
REBECCA S. TINIO
Assistant United States Attorneys
86 Chambers Street, Third Floor
New York, NY 10007
Tel.: (212) 637-2695/2774
E-mail: jeffrey.oestericher@usdoj.gov
         rebecca.tinio@usdoj.gov

Encl.