

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

**MEMO ENDORSED**

*86 Chambers Street, 3rd floor*
*New York, New York 10007*

May 9, 2025

**BY ECF**
The Honorable Jeannette A. Vargas
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

        Re:    *State of New York* et al. *v. Trump* et al., No. 25 Civ. 1144 (JAV)

Dear Judge Vargas:

      This Office represents the defendants ("Defendants") in the above-captioned matter. On behalf of all parties, we write in response to the Court's Order dated April 29, 2025, directing the parties "to meet and confer and, by May 9, 2025, submit a joint letter regarding the parties' proposed next steps in this litigation."[1] ECF No. 140. This letter sets forth Plaintiffs' and Defendants' positions, as appropriate, on each item specified in the April 29, 2025 Order.

**(1) Amended Complaint:**

      Plaintiffs intend to file an amended complaint by May 23, 2025.

**(2) Deadline for Producing Administrative Record:**

      Defendants' position is that production of an administrative record is premature at this time. Subject to their review of any Amended Complaint, Defendants intend, in the first instance, to file a dispositive motion to dismiss all claims in this case which the Court may adjudicate without resort to an administrative record.

---

[1] The Order also directed Defendants to submit the status report contemplated by the Court's February 21, 2025 Opinion and Order regarding the Treasury DOGE Team members other than Ryan Wunderly. ECF No. 140. Defendants have provided that status report in the context of their pending motion to dissolve the preliminary injunction in its entirety. *See* ECF Nos. 141-47.

**(3) Anticipated Dispositive Motions and Proposed Briefing Schedules:**

Plaintiffs intend to file a motion for summary judgment and propose the following briefing schedule: (i) Plaintiffs' moving papers to be filed three weeks after the close of all discovery; (ii) Defendants' opposition papers to be filed three weeks after Plaintiffs' moving papers are filed; and (iii) Plaintiffs' reply to be filed 10 days after Defendants' opposition papers are filed.

As noted above, subject to their review of any Amended Complaint, Defendants anticipate filing a dispositive motion on primarily threshold grounds that may be resolved without resort to an administrative record. For that reason and because of the nature of Plaintiffs' claims in this matter, Defendants do not believe that discovery of any kind is appropriate or necessary for the resolution of this case. Defendants respectfully request that, by May 30, 2025, they be permitted to submit a letter informing the Court as to whether they intend to file a dispositive motion with regard to any Amended Complaint, and proposing a briefing schedule for that motion.

**(4) Potential Discovery and Its Scope:**

Plaintiffs contend discovery is appropriate and necessary given the nature of Defendants' action and Defendants' prior representations that there is no administrative record associated with the challenged agency action. Thus far, the only evidence that Defendants have produced, and the only evidence in the record, consists of declarations from Treasury employees that Plaintiffs have thus far not been able to explore through cross-examination. Plaintiffs propose that discovery consist of depositions and document requests relating to: (i) the training and vetting of the DOGE Treasury Team members; (ii) the work being performed by the DOGE Treasury Team members, including without limitation the systems and data they are accessing and for what purpose; and (iii) the policies and procedures in place at Treasury, both past and present, that relate in any way to, and/or are impacted by, work performed by the DOGE Treasury Team members, including those policies and practices that have been modified or eliminated in connection with DOGE Treasury Team work.

Defendants reiterate their view that discovery is neither appropriate nor necessary for the resolution of this case. Discovery is generally not permitted in an Administrative Procedure Act ("APA") matter. Moreover, Defendants would specifically oppose discovery into the areas that Plaintiffs suggest, which either appear to stray beyond the bounds of Plaintiffs' claims or to seek to "micromanage the minutiae of the Treasury Department's day-to-day operations." ECF No. 139 at 19. If the Court were to deny Defendants' anticipated dispositive motion, Defendants would produce an administrative record, given the nature of Plaintiffs' claims under the APA.[2] The proper scope of any

---

[2] Plaintiffs refer to Defendants' previously stated position, in the parties' joint submission dated February 13, 2025, that "[b]ecause this suit involves no final agency action, there is no administrative record underlying the disputed issues." ECF No. 49 at 3. If the Court were to reject that argument and identify a final agency action, and if all or some subset

such record would depend on the claims remaining at that theoretical future point in the litigation.

**(5) Remaining Issues:**

Plaintiffs intend to file their response to Defendants' May 1, 2025 Motion to Dissolve the PI Order on or before May 14, 2025.

We thank the Court for its consideration of this submission.

Respectfully,

JAY CLAYTON
United States Attorney for the
Southern District of New York
*Attorney for Defendants*

By:   /s/ *Rebecca S. Tinio*
JEFFREY S. OESTERICHER
REBECCA S. TINIO
Assistant United States Attorneys
86 Chambers Street, Third Floor
New York, NY 10007
Tel.: (212) 637-2695/2774
E-mail:  jeffrey.oestericher@usdoj.gov
         rebecca.tinio@usdoj.gov

The Amended Complaint shall be filed by May 23, 2025. Defendants are directed to inform the Court whether they intend to file a dispositive motion by May 30, 2025. The parties should meet and confer regarding a briefing schedule for such dispositive motion, and inform the Court of the parties' positions in the May 30 letter. The opposition to the Motion to Dissolve the PI Order will be due on May 14, 2025, and the reply will be due on May 21, 2025.

SO ORDERED.                                                    Date: 5/12/2025

*/s/ Jeannette Vargas*
HON. JEANNETTE A. VARGAS
UNITED STATES DISTRICT JUDGE

---

of Plaintiffs' APA claims survived Defendants' anticipated dispositive motion, then Defendants would produce an appropriate administrative record.