

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

---

*86 Chambers Street, 3rd floor*
*New York, New York 10007*

May 16, 2025

**BY ECF**
The Honorable Jeannette A. Vargas
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

          Re:    *State of New York* et al. *v. Trump* et al., No. 25 Civ. 1144 (JAV)

Dear Judge Vargas:

      This Office represents the defendants in the above-captioned matter. We write to ask that the Court modify, with immediate effect, the preliminary injunction ("PI") entered in this case on February 21, 2025, ECF No. 76 ("PI Order"), to lift its restrictions as to Treasury DOGE Team members Thomas Krause, Linda Whitridge, Todd Newnam, and Samuel Corcos. In their opposition to Defendants' Motion to Dissolve the Preliminary Injunction, ECF No. 151 ("Pls. Opp."), Plaintiffs confirm that they "do not oppose the entry of an order modifying the PI Order to permit Defendants to grant Treasury systems and data access to Krause, Whitridge, Corcos, and New[nam]," as the Court already did, subject to some additional requirements, with regard to Treasury DOGE Team member Ryan Wunderly. *Id.* at 3; *see* ECF No. 139 ("Wunderly Order"). Because there is no longer any live dispute as to whether these four individuals should be subject to the PI's restrictions, the PI should be modified to remove them from its scope.[1]

      Plaintiffs assert that the PI should not be lifted as to Mr. Corcos until his background check is fully adjudicated. Pls. Opp. at 3. But there is no basis for this demand, which runs counter to the proposition that Mr. Corcos "should not have greater restrictions placed upon him than are imposed upon any other Treasury employee with access to BFS payment systems." Wunderly Order at 22. As explained in Defendants'

---

[1] Plaintiffs argue that the PI should not be entirely dissolved, because they wish to require "Defendants to make a specific showing of compliance for any new individuals added to the DOGE Treasury Team during the pendency of this action." Pls. Opp. at 3-4. Defendants will address this issue in their reply brief in further support of their Motion, which is due on May 21, 2025. ECF No. 149.

Motion and the accompanying April 22, 2025 Declaration of Kari Mencl (ECF No. 145, "April Mencl. Decl."), Mr. Corcos, like all of the other current Treasury DOGE Team members, underwent the same security vetting and clearance procedure as any career Treasury employee seeking access to classified Treasury information.  April Mencl. Decl. ¶ 5.  While Mr. Corcos's background check has not yet been finally adjudicated, since February 25, 2025, he has been approved by Treasury's Office of Security Programs, Personnel Security Branch to enter on duty.  *Id.* ¶¶ 4(g), 7.  He has completed his security briefing, signed the required non-disclosure agreements, and was granted interim Secret access.  *Id.* ¶ 7.  Thus, generally applicable Treasury policies and protocols would allow Mr. Corcos to access Treasury systems, save for the restrictions of the PI.  Those restrictions should be expeditiously lifted as to all four current Treasury DOGE Team members.

    We thank the Court for its consideration of this submission.

Respectfully,

JAY CLAYTON
United States Attorney for the
Southern District of New York
*Attorney for Defendants*

By:  /s/ *Rebecca S. Tinio*_____
JEFFREY S. OESTERICHER
REBECCA S. TINIO
Assistant United States Attorneys
86 Chambers Street, Third Floor
New York, NY 10007
Tel.: (212) 637-2695/2774
E-mail:  jeffrey.oestericher@usdoj.gov
        rebecca.tinio@usdoj.gov