UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
----------------------------------------------------------- X
                                                            :
NEW YORK, et al.,                                           :
                                                            :
                                  Plaintiffs,               :        25-CV-1144 (JAV)
                                                            :
            -v-                                             :        MEMORANDUM
                                                            :        OPINION AND ORDER
DONALD TRUMP, et al.,                                       :
                                                            :
                                  Defendants.               :
----------------------------------------------------------- X
```

JEANNETTE A. VARGAS, United States District Judge:

On February 21, 2025, this Court granted Plaintiffs' motion for a preliminary injunction, which enjoined Defendants from providing members of the Department of Government Efficiency ("DOGE") team established at the U.S. Department of Treasury ("Treasury DOGE Team") access to the Bureau of Fiscal Services ("BFS") payment systems.  ECF No. 76 ("PI Order").  Defendants have now moved to dissolve the preliminary injunction in its entirety.  ECF No. 142.  For the reasons set forth below, the motion to dissolve the preliminary injunction is **DENIED**.  As further set forth below, however, the preliminary injunction is modified.

## PROCEDURAL HISTORY

Familiarity with the procedural history of this case, and the Court's prior decisions with respect to the motion for a preliminary injunction, are presumed.  In sum, the Court previously held that Plaintiffs were more likely than not to prevail on their claim, brought pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 551 *et seq.*, that the Treasury Department had "acted arbitrarily and

capriciously by failing to adequately consider the numerous privacy and security problems associated with" permitting the Treasury DOGE Team with unprecedented access to BFS's highly sensitive payment systems.  PI Order at 33. Noting that the "inexplicable urgency and time constraints under which [BFS staff] operated all but ensured that the launch of the Treasury DOGE Team was chaotic and haphazard," the Court found that the Treasury DOGE Team should have been appointed, onboarded, trained, and provided with access to the BFS payment systems "in a measured, reasonable, and thoughtful way." *Id.* at 50, 52.  The Court further held that Plaintiffs had sufficiently demonstrated a "substantial risk of future harm where the data access protocols in place do not satisfactorily vet the employees with access and rigorously train them in data security measures." *Id.* at 59 (quotation marks omitted).

In determining the appropriate scope of the injunction, however, the Court noted that it was "mindful that the usual remedy in an APA case is to remand to the agency in order to provide it with an opportunity to cure the identified deficiency.  Such a course is particularly appropriate where, as here, the issues identified by the Court largely have to do with the processes followed by the agency, and not with the substance of its decisions." *Id.* at 62.  The Court therefore ordered the Treasury Department to certify that the Treasury DOGE Team members had undergone the proper training to receive access to BFS payment systems, provide clarity about the vetting and security clearances process followed for members of the Treasury DOGE Team, explain the mitigation procedures in place to minimize

disclosure risks from the expansion of data access to the Treasury DOGE Team, provide the legal authority pursuant to which each DOGE Team member was employed or detailed to the Treasury Department, and provide the reporting chains governing the DOGE Team members, USDS/DOGE, and Treasury Leadership.  *Id.* at 63-64.  The Court indicated that, upon receipt of this information, the Court would determine whether the Treasury Department had adequately redressed the violations of the APA found in its PI Order so as to justify the termination or modification of the preliminary injunction.  *Id.*

On April 11, 2025, the Court granted Defendants' motion to partially dissolve the PI Order to allow Ryan Wunderly, a member of the Treasury DOGE Team, to access BFS payment systems.  ECF No. 139 (the "PI Modification Order").  In support of their motion, Defendants submitted 12 declarations from various Treasury officials, including the Chief of Staff of the Department of the Treasury; BFS's Chief Security Officer/Chief Privacy Officer/Acting Chief Information Security Officer; the Chief of Personnel Security in the Office of Security Programs in the Office of Intelligence and Analysis; the Deputy Assistant Commissioner for Federal Disbursement Services at BFS; and the Deputy Director in the Office of Human Resources.

In deciding to modify the PI Order to allow Wunderly access to BFS payment systems, the Court held that, "[a]nimating the Court's determination that the process surrounding the grant of access to the Treasury DOGE Team was problematically haphazard and chaotic were concerns regarding the training

received by Treasury DOGE Team members; the lack of clarity regarding the vetting and security clearance process employed; the lack of clear reporting lines; the confusion regarding the hiring authorities relied upon by Defendants; and the insufficiency of the mitigation measures that were put into place. The Government's extensive submissions, set forth in 12 declarations spanning 54 pages, largely alleviate those concerns." PI Modification Order at 19. In particular, the declarations made clear that Wunderly had been through the same vetting, clearance and training procedures required of all other Treasury employees provided with access to the BFS payment systems. *Id.* at 19-28.

The Court declined to "conduct a more searching inquiry" into Treasury's procedures for supervising members of the DOGE Team, holding that the "APA is not an invitation for the Court to micromanage the minutiae of the Treasury Department's day-to-day operations in the manner suggested by Plaintiffs." *Id.* at 19.

On May 1, 2025, Defendants moved to dissolve the preliminary injunction. ECF No. 141. Defendants submitted additional declarations in support of their motion. ECF Nos. 143-147. These declarations established that the current members of the Treasury DOGE Team—which, in addition to Wunderly, consists of Thomas Krause, Linda Whitridge, Samuel Corcos, and Todd Newnam (collectively, the "New DOGE Employees")—had been subjected to the same vetting as other Treasury employees, had received the same training as Wunderly, and would be subject to the same mitigation procedures. ECF No. 142 at 6-11. Defendants aver

that any future member of the Treasury DOGE Team will be subject to the same vetting, training, and mitigation procedures. *Id.* at 8-12.

Plaintiffs acknowledge that Defendants have made substantively the same showing with respect to the New DOGE Employees as they did for Wunderly. ECF No. 151 at 3. Accordingly, in light of the Court's PI Modification Order, Plaintiffs do not oppose modification of the PI Order to grant access to the New DOGE Employees. *Id.* Plaintiffs do oppose, however, the wholesale dissolution of the PI Order. *Id.* at 7.

## DISCUSSION

The decision whether to modify a preliminary injunction "involves an exercise of the same discretion that a court employs in an initial decision to grant or deny a preliminary injunction." *Weight Watchers Int'l, Inc. v. Luigino's, Inc.*, 423 F.3d 137, 141 (2d Cir. 2005).

The issue before the Court is a narrow one. The parties are in agreement that, in light of this Court's PI Modification Order, the New DOGE Employees should be permitted to have access to BFS payment systems on the same terms as Wunderly. The only remaining question, then, is whether the concerns that animated the grant of the PI Order in the first instance dictate that the preliminary injunction remain in effect, whether as it is currently or in some other form, or whether it should be vacated. Should the preliminary injunction remain in place unaltered, the Government would be required to obtain judicial approval each time there is turnover in the ranks of the DOGE Team. Should it be vacated in its

entirety, Plaintiffs fear a resumption of the arbitrary and capricious conduct that the Court found likely violated the APA.  ECF No. 151 at 6-7.  Neither outcome is optimal.

Plaintiffs have established their entitlement to injunctive relief pursuant to Rule 65.  As such, Plaintiffs are not obligated to simply rely on Defendants' assurances that they will continue to comply with the practices that have been put in place in the absence of a mandate from this Court.  Yet there is little utility in having this Court function as Treasury's de facto human resources officer each time a new team member is onboarded.

To meet both these sets of concerns, the Court hereby modifies the PI Order as follows:

ORDERED that, pursuant to Rule 65 of the Federal Rules of Civil Procedure, the United States Department of the Treasury and the Secretary of the Treasury are restrained from granting access to any Treasury Department payment record, payment systems, or any other data systems maintained by the Treasury Department containing personally identifiable information and/or confidential financial information of payees (collectively, the "Treasury Payment Systems") to any employee, officer or contractor employed or affiliated with the United States DOGE Service, DOGE, or the DOGE Team established at the Treasury Department ("Restricted Personnel"), pending further Order of this Court, PROVIDED THAT these restrictions on access to Treasury Payment Systems shall not apply to any Restricted Personnel that (i) have undergone the training forth in ECF Nos. 98-1,

98-2 , 98-3, 144, 146, and 147; (ii) have been subject to the same vetting requirements as applied to other Treasury employees provided access to such data systems, as set forth in ECF Nos. 98-4 and 145; (iii) are subject, at a minimum, to the mitigation procedures set forth in ECF Nos. 34 and 98-2 ¶¶ 18-19; (iv) are employees of the Treasury Department hired in accordance with governing statutes and regulations; and (v) are supervised by, and directly report to, Treasury Department officials (collectively, the "Training, Vetting and Mitigation Procedures").

## CONCLUSION

For the reasons stated herein, the Defendants' motion to dissolve the preliminary injunction in its entirety is DENIED.  The preliminary injunction is modified, as set forth herein.  As the Court has determined that Thomas Krause, Linda Whitridge, Samuel Corcos, and Todd Newnam have satisfied the conditions to be carved out of the definition of Restricted Personnel, they shall be permitted access to Treasury Payment Systems on the same terms as Wunderly.  For the avoidance of doubt, however, Defendants are not required to obtain a judicial determination that a particular individual has satisfied the Training, Vetting and Mitigation Procedures before such person may be granted access to Treasury Payment Systems.

The Clerk of Court is directed to terminate ECF No. 141.

SO ORDERED.

Dated:  May 27, 25
      New York, New York

                                            JEANNETTE A. VARGAS
                                      United States District Judge