

**Office of the New York State**
**Attorney General**

**Letitia James**
**Attorney General**

July 21, 2026

**By ECF**
Honorable Jeannette A. Vargas
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      RE: *State of New York, et al. v. Donald J. Trump, et al.*, No. 25-cv-1144

Dear Judge Vargas:

      This office represents the State of New York in the above-captioned action and writes on behalf of the Plaintiffs in response to the Court's request for the parties' positions on whether this case is mooted by the apparent July 4, 2026, dissolution of the Department of Government Efficiency (DOGE). ECF No. 180. For the reasons provided below, Plaintiffs' position is that this case is not moot.

      As an initial matter, Plaintiffs do not have independent knowledge as to whether DOGE has in fact been dissolved by operation of Executive Order 14,158, and we respectfully refer the Court to Defendants' submission on that issue.

      In any event, neither the preliminary injunction currently in place (ECF No. 76, as amended by ECF Nos. 139 and 156) nor Plaintiffs' First Amended Complaint (ECF No. 155) are mooted by the purported formal end of DOGE.

      First, Defendants cannot meet their heavy burden of demonstrating that "(1) it can be said with assurance that 'there is no reasonable expectation' that the alleged violation will recur" and

Hon. Jeannette A. Vargas
July 21, 2026
Page 2

"(2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Cnty of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979) (alteration omitted) (quoting *United States v. W.T. Grant Co.*, 345 U.S. 629, 633 (1953)). DOGE is a creature of executive order, and as such can be revived or extended by executive order at any moment and for any reason.

Second, Plaintiffs have no reason to believe, and Defendants have not provided any, that the Department of the Treasury no longer has or intends to have any "employee[s], officer[s] or contractor[s] employed or affiliated with" DOGE provided with access to the sensitive data at the heart of this litigation. ECF No. 156 at 6. With respect to the preliminary injunction, as noted in Plaintiffs' opposition to Defendants' pending interlocutory appeal, Plaintiffs' original "complaint was not limited to members of the DOGE team, and instead sought to limit any temporary government employee outside of Treasury from accessing [Bureau of the Fiscal Service] systems"). No. 25-1860, Dkt. No. 81.1, at 23 n.5. Plaintiffs respectfully request that the Court hold Defendants to their argument in that appeal that the preliminary injunction would not be mooted by the dissolution of DOGE. *See id.*, Dkt. No. 89.1, at 3-4.

Finally, while DOGE was the original vehicle through which Defendants exposed Plaintiffs' data to extraordinary security lapses and risks (ECF No. 155 ¶¶ 82-112), Plaintiffs' requested relief is not limited to DOGE-affiliated employees but instead encompasses a course of misconduct within Treasury that was typified by its rapid and negligent onboarding of the DOGE Special Government Employees. Specifically, Plaintiffs have asked the Court to enjoin Defendants from providing the States' sensitive data "to any person unless that person has passed all background checks, security clearance, and information security training called for in federal statutes and Treasury regulations," and that Defendants "otherwise compl[y] with all requirements

Hon. Jeannette A. Vargas
July 21, 2026
Page 3

of the Federal Information Security Modernization Act," with exceptions for certain political appointees, contractors, and Federal Reserve Banks. ECF No. 155 at pg. 44.

Plaintiffs further allege that they will be harmed by the ideologically based payment processing blocks and delays that will come about by the implementation of the DOGE-Treasury Engagement Plan. Defendants provided no assurances that the DOGE-Treasury Engagement Plan has ended, does not persist under another name, or will not be implemented in the future. *See id.* ¶¶ 113-37. Plaintiffs' requested relief that the Court "[i]ssue a permanent injunction barring Agency Defendants from implementing a new process for reviewing federal funding payment request[s] for the purpose pf pausing and potentially blocking disbursement of funds based on ideological criteria" remains live. *Id*. at pg. 44.

For these reasons, Plaintiffs submit that this case is not moot regardless of whether DOGE continues to formally exist as an entity.

Respectfully submitted,

LETITIA JAMES
Attorney General of the State of New York

By: */s/ Colleen K. Faherty*
Colleen K. Faherty
Stephen C. Thompson
Special Counsel
28 Liberty Street
New York, NY 10005
(212) 416-6046
Colleen.Faherty@ag.ny.gov

*Attorney for Plaintiff State of New York*